UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YARNELL MAY,<br><br>    Plaintiff,<br><br>v.<br><br>BRENDA MAY, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 17-40048-DHH |

## ORDER FOR REASSIGNMENT AND
## REPORT AND RECOMMENDATION FOR DISMISSAL

### April 25, 2017

Hennessy, M.J.

For the reasons stated below, this action shall be reassigned to a District Judge and the court recommends that plaintiff's Application to Proceed Without Prepayment of Fees (Docket # 3) be DENIED and this action be DISMISSED.

I.     BACKGROUND

Plaintiff Yarnell May ("May"), proceeding pro se, has filed a complaint against five individuals. As best can be gleaned from May's complaint, May seeks to have the five defendants charged with "federal crimes attempted murder." May is a resident of Worcester. Four defendants are alleged to reside in Worcester with the fifth alleged to reside in Southbridge. In the complaint, the Statement of Claim alleges:

> They have been tricking people and scaming (sic) people to hurt me also they go to the mental departments and the UMass mamoriel (sic) campus and they hurt me trying to do there (sic) insureance (sic) scam.

Complaint at 5. The complaint also states as follows:

> They bother people 24 hours a day 7 days a week they also did alot (sic) of exagerated (sic) things at my house and they bribe people and they run around useing (sic) drug excuses the (sic) also have the mental department and UMass Memorial campus doing terible (sic) things and they trick people and they hurt every day there the girl upstairs from my appartment (sic) also hurts me the they hide in appartment (sic) number 17 of 3-5 Rugby Street[. ] [M]y appartment (sic) is number 16 and they try to pay people to hurt me. And they think its (sic) a good scam. [I]t[']s a terrible murder scam and I would like it stopped. They do it every day I would like it stopped immediately.

Complaint at 7 - 8.

Together with his complaint, May filed an Application to Proceed Without Prepayment of Fees and Affidavit.

II.   DISCUSSION

A.   Subject Matter Jurisdiction

"Federal courts are of limited jurisdiction—and those limits demand strict adherence." Ramirez-Matias v. Holder, 778 F.3d 322, 323 (1st Cir. 2015). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331, 1332, confer "federal question" and "diversity" jurisdiction, respectively. This Court has an independent obligation to inquire, sua sponte, into its subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).

Here, it does not appear that the Court has subject matter jurisdiction over this action. May invokes this Court's jurisdiction by checking off the "Federal Question" box on both the complaint form and the civil cover sheet. However, "attempted murder" does not arise under federal law, but rather arises under the criminal laws of the Commonwealth of Massachusetts. See G.L. c. 265, § 16 (attempt to murder); § 18 (assault with attempt to rob or murder). Therefore, jurisdiction does not exist under Section 1331 because May has not identified a cause

of action under federal law. Additionally, jurisdiction does not exist under Section 1332 because the complaint alleges that all the parties reside in Massachusetts.

Accordingly, the complaint is subject to dismissal for lack of subject matter jurisdiction because without subject matter jurisdiction, the Court is without the power to consider this case.

B. Failure to State a Claim

The complaint is subject to dismissal because May is asking the court to bring criminal charges against the defendants. Such relief cannot be granted in this action because federal courts are not authorized to conduct or compel criminal investigations.

Under the United States Constitution, it is the Executive Branch of the federal government, and not the Judicial Branch, that is responsible for conducting criminal investigations and bringing criminal charges, if warranted. The Constitution precludes the federal courts from interfering in these responsibilities of the Executive Branch. See United States v. Nixon, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced.").

Accordingly, the complaint is subject to dismissal because it fails to state a viable cause of action.

C. Incomplete Application to Proceed Without Prepayment of Fees

A litigant filing a complaint in this Court must either (1) pay the $350.00 filing fee for such action or (2) file an application to proceed in forma pauperis. See 28 U.S.C. § 1914 ($350.00 filing fee); § 1915 (in forma pauperis). The in forma pauperis statute, 28 U.S.C. §

3

1915, ensures that indigent persons will have equal access to the judicial system. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Coppedge v. United States, 369 U.S. 438, 446 (1962). Under 28 U.S.C. § 1915, a court may authorize the commencement of a civil action without pre-payment of court fees if the litigant submits an affidavit that lists his assets and states that he is unable to pay such fees. 28 U.S.C. § 1915(a)(1).

Here, May's Application is incomplete. In response to Question 2, May states that he is employed, but fails to provide the name and address of his employer and the amount of his take-home salary or wages. In response to Question 3, May answers only Question 3(a) concerning his receipt of money from business, profession or other self-employment and fails to answer the second part of Question 3 concerning the source of money and the amount he expects to receive. May fails to answer the remaining five subsections of Question 3. In response to Question 4, May states that he has cash or a bank account, but he fails to state the total amount. Thus, based on the incomplete financial disclosures, the Application is denied without prejudice.

## ORDER FOR REASSIGNMENT

This Court will direct that the case file for this action be returned to the Clerk's Office for REASSIGNMENT to a District Judge for dismissal.

## RECOMMENDATION TO THE DISTRICT JUDGE

Based on the foregoing,, this Court RECOMMENDS to the District Judge to whom this case is reassigned that plaintiff's Application to Proceed Without Prepayment of Fees (Docket # 3) be DENIED and this action be DISMISSED.

## NOTICE OF RIGHT TO OBJECT

May is hereby advised, pursuant to Fed. R. Civ. P. 72, that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. May is further advised that failure to file objections within the specified time waives the right to appeal the District Court's order. See United States v. De Jesús–Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. This action shall be REASSIGNED to a District Judge; and

2. This Court RECOMMENDS to the District Judge to whom this case is assigned that plaintiff's Application to Proceed Without Prepayment of Fees (Docket # 3) be DENIED and this action be DISMISSED.

**SO ORDERED.**

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE